# STATE OF CONNECTICUT
# SUPERIOR COURT

Judicial District of GA 9

Docket No.: **F02B-CR22-0249155-T**

| | |
|---|---|
| JOHN FLYNN,<br>    Petitioner;<br>v.<br><br>WHITING FORENSIC HOSPITAL,<br>    Respondent; | )<br>)<br>) Case No.: _____<br>)<br>)<br>) |

## PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES the Petitioner, JOHN FLYNN, a living man, appearing pro se, and via public record rather than in his proper person due to his abduction, respectfully petitions this Honorable Court for a writ of habeas corpus pursuant to **Conn. Gen. Stat. § 52-466**, the **Connecticut Constitution**, and the **Fifth and Fourteenth Amendments to the United States Constitution**, and states as follows:

### I. PARTIES

1. **Petitioner,** JOHN FLYNN (the "Petitioner") is a man currently detained at Whiting Forensic Hospital, located at 70 O'Brien Drive, Middletown, CT 06457, having been involuntarily committed based on a disputed and unsupported finding of cognitive incapacity;

2. **Respondent** is the administrator or director of WHITING FORENSIC HOSPITAL, who has custody of the Petitioner and is the proper party in this action (the "Respondent");

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to **Conn. Gen. Stat. § 52-466**;

4. Venue is proper in this judicial district as the Petitioner is confined within its territorial jurisdiction;

## III. FACTUAL BACKGROUND

5. Petitioner was involuntarily committed based on a claim that he lacks cognitive ability, despite clear statements from legal and judicial authorities attesting to his competency;

6. On March 22, 2023, Attorney Samantha M. Pernal confirmed on the court record that Petitioner understood the charges, could assist in his own defense, and was competent; specifically, she stated *"I have spoken to my client Mr. Flynn. He understands the charges being brought against him… he is able to assist me in his defense…"*;

7. On March 22, 2023, Judge Maria del Pilar Gonzalez of the Connecticut Superior Court affirmed that there was insufficient evidence to justify a competency evaluation, citing the presumption of competence and the lack of credible evidence to override it;

8. Petitioner's commitment relies on a mischaracterization of his mental health status and was based on subjective claims regarding "conspiracy theories," as well as speculative concerns and/or a YouTube video rather than valid psychological evaluation;

9. Petitioner has been subjected to coercion to take medication and submit to involuntary medical procedures, in violation of informed consent protections and international human rights standards, including the Nuremberg Code;

10. Petitioner suffers from diabetes, which is not being adequately treated at the facility, placing his physical health in jeopardy;

11. Petitioner has employment and family obligations and is capable and willing to attend all future legal proceedings voluntarily;

12. Petitioner asserts his rights have been violated under:

    - 42 U.S.C. § 1983 (Deprivation of Rights under Color of Law)
    - 18 U.S.C. §§ 241 & 242 (Conspiracy Against Rights and Deprivation of Rights)
    - The Connecticut Constitution, Article I, § 9
    - *Jackson v. Indiana*, 406 U.S. 715 (1972); and
    - *O'Connor v. Donaldson*, 422 U.S. 563 (1975)

## IV. CLAIMS FOR RELIEF

13. Petitioner asserts that his continued involuntary commitment is:
    - Without due process;
    - Unsupported by competent medical or legal evidence;
    - In violation of his constitutional rights;
    - A form of illegal detention;

14. Petitioner further notes that retaliatory actions, surveillance, coercion, or legal harassment following this filing will constitute further violations of:
    - The First Amendment;
    - 42 U.S.C. § 1983;
    - 18 U.S.C. §§ 241, 242, 1503, and 1512;
15. Petitioner invokes his inherent right to bodily autonomy and liberty and asserts that failure to release him constitutes a trespass, entitling him to restitution for every second of unlawful detainment;

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

A. Issue a Writ of Habeas Corpus directing the Respondent to bring the Petitioner before the Court forthwith;
B. Schedule a prompt evidentiary hearing;
C. Declare that Petitioner's continued confinement is unlawful and unconstitutional;
D. Order the immediate release of the Petitioner from involuntary commitment;
E. Award appropriate restitution or any other relief the Court deems just and proper;

Respectfully submitted, this day of _____April 17_____, 2025;

_____
On behalf of JOHN FLYNN